166 So. 55

## HOME INS. CO. v. LIVINGSTON.

### 7 Div. 370.

Supreme Court of Alabama.

Feb. 27, 1936.

532

Reed & Reed, of Center, for appellee.

Irby Keener, of Center, and Williams & Williams, of Chattanooga, Tenn., for appellant.

ANDERSON, Chief Justice.

This is an action upon a fire insurance policy and, according to the pleading, the issues are quite simple, and we must consider the case upon the issues as made by the parties, whether the trial court did or did not rule correctly upon the pleading, as we find no assignment of error relating to the rulings on the pleading.

As we understand, the defense invoked by the defendant's pleas is a waiver or forfeiture of the policy because of a clause or recital therein that there shall be no liability in case the premium notes or any of them be due and unpaid when the loss occurs, and that the initial premium note was due and unpaid when the house was burned. The plaintiff interposed several

special replications to the defendant's special pleas, setting up, in effect, that the default in the note was due to a failure of the defendant to give him notice of the maturity of same, as he was assured would be done by the defendant's agent, Johnson, who had authority to solicit, and receive applications for fire insurance policies and to countersign and issue policies and to receive and collect premiums on policies so signed and delivered, especially the initial premium therefor, and that the plaintiff relied upon the assurance of said Johnson that he would be so notified, and therefore failed to meet the note promptly when due. Whether these replications were subject to the defendant's demurrer, which was overruled, we are not called upon to decide, as the action of the trial court is not questioned on this appeal. Nor can we consider the action of the trial court in sustaining the plaintiff's demurrer to the defendant's rejoinder to the plaintiff's replications to the special pleas for the same reason.

The first insistence in argument as to error is the refusal of the trial court to give an unnumbered charge set out in the twelfth assignment of error. We are at somewhat a disadvantage in verifying the correctness of this charge as it is neither referred to by number or its place designated by the page of the record. Conceding, however, that it is correctly set forth in the assignment of error, we do not think that the refusal of same was reversible error. In the first place, it is argumentative. Again, it seeks to deprive the plaintiff of the right to be notified of the date of the maturity of the note. He may have known when he gave the note when it was due, but this may have escaped his memory, and the fact that he may at some time have known this did not relieve the defendant from giving the notice as a reminder.

The next question argued in brief of counsel is the refusal of the trial court to give the defendant's charge set out in the ninth assignment of error. It is subject to the first criticism made in the discussion of assignment of error 12. But, apart from this, the trial court did not err in refusing this charge. It is, in effect, the general charge for the defendant if the plaintiff had not paid the note due March the 1st thus ignoring the issue made by the plaintiff's special replications.

The suggestion as to assignment of error 18 does not rise to the dignity of an argument and is little more than the repetition of the assignment. The charge, however, was well refused for the reason that the facts therein hypothesized did not relieve the defendant from giving the notice to the plaintiff as a reminder of the maturity of the note. Moreover, the fact that plaintiff knew when the note was due was not made an issue by the pleading.

The charge embodied in the sixth assignment of error asserts a truism; but, if the same should have been given, we need not decide, as the refusal of same was not reversible error for the reason that the proposition asserted was, in effect, covered by the oral charge of the trial court.

The charge embodied in assignment of error 8 asserts the effect of a provision in the policy that was not made an issue in the case. If it was a defense or estoppel to the matter set up in the plaintiff's special replications, an issue should have been made by a rejoinder to said replications.

Whether or not the defendant should have been permitted to ask the questions referred to in the twentieth assignment of error relating to Johnson's authority as to the solicitation, issuance, and countersigning of policies, we need not decide, as there was no controversy as to the issuance and delivery of the policy. And the statement by counsel as to what he expected the answer to be showed that the agent, Johnson, had the authority "to collect the initial premium in cash or by agreement." Here, we are dealing only with the note for the initial premium and as to which it would appear from the expected answer that Johnson had authority to collect the same in cash or make any agreement concerning said initial payment. Moreover, the witness Johnson did, on cross-examination, testify that he had been the agent for the company for fifteen years and outlined in detail his acts and duties in connection therewith.

The trial court did not err in refusing the general charge requested by the defendant as the issues made by the pleading and the evidence presented a question for the jury.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.